UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HORACIO CRUZ-ZUNIGA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:12-CV-0118-RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be untimely. As a result, the Court will order movant to show cause why the motion should not be summarily dismissed.

Movant was convicted of conspiracy to distribute methamphetamine. On September 10, 2008, the Court sentenced movant to 480 months' imprisonment. The Eighth Circuit Court of Appeals affirmed the sentence, and on July 1, 2009, the appellate court issued its final judgment. Movant did not file a petition for writ of certiorari.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations.  Day v. McDonough, 547 U.S. 198, 210 (2006).  However, before dismissing a habeas action as time-barred, the court must provide notice to the movant.  Id.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires.  Clay v. United States, 537 U.S. 522, 527 (2003).  Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from.  Supreme Court Rule 13(1).  The time does not run from the date of mandate.

Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A § 2255 movant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

As stated above, the Eighth Circuit Court of Appeals issued its final judgment on July 1, 2009. The limitations period ended, therefore, on September 29, 2010, one year and ninety days after the judgment was entered. As a result, the motion appears to be barred by the limitations period.

Additionally, the motion to vacate is defective because it does not contain any cognizable grounds for relief. If movant wishes to continue this action, he must file an amended petition on the court form listing all of his grounds for relief.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause no later than thirty days from the date of this Order why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that the Clerk shall send movant a copy of the 28 U.S.C. § 2255 form.

**IT IS FURTHER ORDERED** that movant shall submit an amended § 2255 motion within thirty days of the date of this Order.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this  13    day of July, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE