UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| HORACIO CRUZ-ZUNIGA, | ) |
| --- | --- |
| Movant, | ) |
| v. | ) No. 1:12-CV-0118-RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on movant's "motion in response to court's Memorandum and Order." I previously ordered movant to show cause why his motion to vacate under § 2255 should not be dismissed as time-barred, and I ordered him to file an amended motion to vacate if he wished to continue with this case. Movant has informed me that I mistakenly construed his motion to extend the time to file a § 2255 motion as a motion to vacate under § 2255. Movant requests that I rule the motion to extend regardless of the fact that he has not filed a motion to vacate. Additionally, he has failed to file an amended motion as I directed.

For a district court to have jurisdiction over a motion to extend the time to file a § 2255 motion, the motion "must be either be filed concurrently with or after a § 2255 petition, or be construed as the § 2255 petition itself." Ramirez v. United States, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006). The court is permitted to construe

a motion for extension of time as a § 2255 motion when it "contains allegations sufficient to support a claim under section 2255." Id.

In this case, movant's motion for extension of time does not contain sufficient allegations for the Court to construe it as a § 2255 motion. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for extension of time [Doc. 1] is **DENIED** without prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 3rd day of April, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE